UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | SA CR 10-SACR10-0181 |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1341: Mail Fraud] |
| DAVID GOLDSTEIN, ELENA ZUCCHI, STEVEN TRUMBO, and ELLEN WALSH, | |
| Defendants. | |

The United States Attorney charges:

[18 U.S.C. § 1341]

A.  INTRODUCTION

At all times relevant to this Information:

1.   Defendants DAVID GOLDSTEIN ("GOLDSTEIN"), ELENA ZUCCHI ("ZUCCHI"), and STEVEN TRUMBO ("TRUMBO") operated Leasing Services, LLC in Turnersville, New Jersey.  Leasing Services, LLC marketed equipment leases to small businesses located in Orange

County, California and elsewhere. Leasing Services, LLC passed the equipment lease deals that it solicited to these small businesses to purported computer vendors, Connectco and Praxis (collectively "vendors").

2. Defendant ELLEN WALSH ("WALSH") owned and operated Food and Beverage International ("FABI").

B. THE SCHEME TO DEFRAUD

3. Beginning in or around May 2005, and continuing through in or around June 2006, in Orange County, within the Central District of California, and elsewhere, defendants GOLDSTEIN, ZUCCHI, TRUMBO, and WALSH, together with others known and unknown to the United States Attorney, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, in connection with a fraudulent equipment lease scheme.

4. The fraudulent equipment lease scheme was designed to operate, and did operate, as follows:

(a) Defendants GOLDSTEIN, ZUCCHI, and TRUMBO were lease brokers who represented that they could obtain loans for defendant WALSH and FABI through a scheme involving fraudulent equipment leases.

(b) With the knowledge and consent of defendants GOLDSTEIN, ZUCCHI, and TRUMBO, vendors solicited by Leasing Services, LLC (hereinafter, the "co-conspirator venders") knowingly participated in the fraudulent equipment lease scheme described herein by creating false and misleading invoices to

submit to various lending institutions (hereinafter, the "lending institution victims") to make it appear as though the co-conspirator venders were purchasing equipment for the lending institution victims to lease to defendant WALSH and FABI. These invoices were designed to trick the lending institution victims into paying for non-existent and over-valued equipment the lending institution victims believed the co-conspirators venders were purchasing and leasing to defendant WALSH and FABI on behalf of the lending institution victims. Contrary to the representations made to the lending institution victims, the co-conspirator vendors did not, in fact, lease any equipment to defendant WALSH or FABI.

   (c) Before funding the leases, the lending institution victims contacted defendant WALSH to confirm that defendant WALSH, in fact, had leased, installed, and was using the equipment that defendant WALSH and FABI had purportedly obtained from the co-conspirator vendors. In response to these questions, defendant WALSH provided false information to the lending institution victims concerning equipment defendant WALSH and FABI were purportedly leasing.

   (d) Based upon false information provided to them, the lending institution victims approved the lease applications and forward money to the co-conspirator vendors to purchase the equipment the co-conspirator vendors were purportedly leasing to defendant WALSH and FABI.

   (e) Rather than using the money provided by the lending institution victims to purchase equipment to lease to defendant WALSH and FABI as promised, the co-conspirator vendors

took the money received from the lending institution victims, kept a portion for themselves, forwarded a portion to defendants GOLDSTEIN, ZUCCHI, and TRUMBO, and caused the majority of the money to be paid to defendant WALSH as a cash loan.

5.   In order to execute the scheme, defendants made and caused to be made false statements and false promises to lending institution victims, including, without limitation, the following:

   (a)   Defendant WALSH wished to obtain financing from the lending institution victims for the purpose of leasing equipment that FABI purportedly needed;

   (b)   The co-conspirator vendors were bona fide equipment vendors that sold office equipment to businesses and individuals;

   (c)   The co-conspirator vendors would provide true and accurate sales invoices to the lending institution victims documenting the purchase of equipment to be leased to defendant WALSH and FABI;

   (d)   Defendants would provide true and correct information to the lending institution victims concerning the purchase, installation, and use of the computer equipment allegedly purchased by the co-conspirator vendors on behalf of the lending institution victims for lease to defendant WALSH and FABI; and

   (e)   Defendants would cause the funds provided by the lending institution victims to be used exclusively for the purchase of the equipment specified in the sales invoices.

6. At the time defendants made the false statements and false promises, and caused them to be made, they knew that such statements and promises were false, in that:

    (a) Defendant WALSH wished to obtain cash loans from defendants GOLDSTEIN, ZUCCHI, and TRUMBO, not financing for the purchase of equipment;

    (b) Defendants GOLDSTEIN, ZUCCHI, and TRUMBO were engaged in a fraudulent scheme to deprive the lending institution victims of their money, not leasing office equipment to businesses and individuals;

    (c) The co-conspirator vendors submitted false invoices to the lending institution victims detailing purported equipment sales that never occurred;

    (d) Defendant WALSH falsely verified to lenders that defendant WALSH had leased, installed, and was using equipment allegedly acquired by the co-conspirator vendors; and

    (e) Defendants GOLDSTEIN, ZUCCHI, and TRUMBO used the money provided by the lending institution victims to the co-conspirator venders to improperly make cash loans to defendant WALSH instead of using this money to purchase equipment to lease to defendant WALSH and FABI.

7. By devising, participating in, and executing the fraudulent equipment lease scheme described herein, defendants caused the lending institution victims to lose thousands of dollars.

C.   <u>THE USE OF THE MAIL</u>

8. On or about September 16, 2005, within the Northern District of California, and elsewhere, defendants GOLDSTEIN,

ZUCCHI, TRUMBO, and WALSH, for the purpose of executing the above-described scheme to defraud, willfully caused the following item to be deposited with and to be delivered by a commercial interstate carrier, according to the directions thereon: An Equipment Lease & Software Finance Agreement was mailed to defendant ZUCCHI in New Jersey from defendant WALSH's residence in Santa Rosa, California.

ANDRÉ BIROTTE JR.
United States Attorney

*[signature]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

JEANNIE M. JOSEPH
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney